SEA2-4434



FILED
LODGED
RECEIVED    MAIL

APR 01 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Ronald Beaver, *in pro per*
c/o 23515 NE Novelty Hill Road
B221-393
Redmond, WA 98053
Ph.: 1.425.923.4495

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

Ronald Beaver,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE,

    Defendants.

_____/

Civil Action No. 2:24-cv-00442-KKE

## **VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 28 USC §§2201 AND 2202 IN RE: UNVERIFIED CLAIMS OF WELLS FARGO BANK, N.A. AND WELLS FARGO HOME MORTGAGE**

COMES NOW Plaintiff Ronald Beaver (hereinafter "Plaintiff"), appearing *in pro per* in his individual capacity, who hereby sues WELLS FAGRO BANK, N.A. (hereinafter "WF") and WELLS FARGO HOME MORTGAGE (hereinafter "WFHM") (hereinafter each a "Defendant"

COMPLAINT
NO: TBD

1

Ronald Beaver - 425.923.4495
c/o 23515 NE Novelty Hill Road
B221-393, Redmond, WA 98053

or collectively "Defendants") and requests declaratory and injunctive relief for cause of Defendants' willful failure to perform Defendants' statutory and good faith duties as servicers of both a closed-end mortgage loan and an open-ended home-equity line of credit as such duties are defined in, respectively, 12 U.S.C Chapter 27 - *Real Estate Settlement Procedures* (12 C.F.R. Part 1024 - *Regulation X*) and 15 U.S.C. Chapter 41 - *Consumer Credit Protection* (12 C.F.R. Part 1026/226 - *Regulation Z*).

Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 due to the factual sufficiency of Plaintiff's claims of Defendants' violations of the laws of the United States, namely willful and repeated refusal or other failure to perform Defendants' statutory duties as servicers of consumer credit secured by residential real property as such duties are defined in 12 U.S.C Chapter 27 - *Real Estate Settlement Procedures* (12 C.F.R. Part 1024 - *Regulation X*) and 15 U.S.C. Chapter 41 - *Consumer Credit Protection* (12 C.F.R. Part 1026/226 - *Regulation Z*).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims that derive from the same transaction occurrences, including but not limited to those arising from violations of the Revised Code of Washington ("RCW") 62A - *Uniform Commercial Code* or 18 U.S.C. Chapter 96 - *Racketeer Influenced and Corrupt Organizations*.

3. This Court has the authority to issue declaratory judgment and order injunctive and other relief that is necessary and proper pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over both Defendants due to the fact that both Defendants have minimum contacts within the territorial boundaries of the judicial district of the Western District of Washington.

5. Venue is proper in this Court's judicial district pursuant to 28 U.S.C. §1391(b)(2) as the actions complained of occurred within the territorial boundaries of the judicial district of the Western District of Washington.

## PARTIES TO THE ACTION

6. Plaintiff is domiciled within the territorial boundaries of the county named King, Washington. *See* RCW 36.04.170.

7. Plaintiff, as Maker, executed a Promissory Note dated February 18, 2015 (hereinafter the "Mortgage Note") and Deed of Trust dated February 25, 2015 (hereinafter the "Mortgage Deed") with the purported original lender Defendant WF. *See EXHIBIT A and EXHIBIT B, respectively.*

8. Plaintiff, as Maker, also executed a "Wells Fargo Home Equity Account Agreement and Disclosure Statement" dated July 6, 2018 (hereinafter the "HELOC Note") and Deed of Trust dated July 6, 2018 (hereinafter the "HELOC Deed") with the purported original lender Defendant WF. *See EXHIBIT C and EXHIBIT D, respectively.*

COMPLAINT  
NO: TBD

3

Ronald Beaver - 425.923.4495  
c/o 23515 NE Novelty Hill Road  
B221-393, Redmond, WA 98053

9. The residential real property described as having address 26450 NE 70th Street, Redmond, WA 98053 situated in the County of King, State of Washington is the purported surety for both the Mortgage Note and the HELOC Note (hereinafter the "Surety").

10. The Surety description refers to the principal dwelling of Plaintiff.

11. WF is a national banking and lending institution, with its corporate headquarters located in San Francisco, California.

12. WFHM appears to be an alter ego of parent company WF.

13. WF is, on information and belief, the servicer for the debts purportedly evidenced by both the Mortgage Note (via WFHM) and the HELOC Note as the term "servicer" is defined at 12 U.S.C. §2605(i)(2) (12 C.F.R. §1024.2(b)) and 15 U.S.C. §1641(f)(3), respectively.

14. WF shall have notice and opportunity to enter an appearance, answer, and defend as summons shall be served at WF's corporate headquarters located at 420 Montgomery Street, San Francisco, CA 94104.

15. WFHM shall have notice and opportunity to enter an appearance, answer, and defend as summons shall be served at its purported headquarters located at 7001 Westown Pkwy, West Des Moines, IA 50266.

## ALLEGATIONS RELEVANT TO ALL CLAIMS

The Purported Promissory Notes

16. The Mortgage Note was first provided by one of the Defendants to Plaintiff upon Plaintiff's request on or about July 12, 2023.

17. The Mortgage Note is purported by said Defendant to be a certified true and correct copy of the original promissory note.

18. The HELOC Note was first provided by one of the Defendants to Plaintiff upon Plaintiff's request on or about July 14, 2023.

19. The HELOC Note is not purported by said Defendant to be a true and correct copy of the original promissory note.

20. WF has refused or otherwise failed to provide a certified true and correct copy of the HELOC Note despite Plaintiff's requests.

Plaintiff's Statutory Rights and Defendants' Statutory Duties

21. Pursuant to 15 U.S.C. §1641(g) - *Notice of new creditor* (12 C.F.R. §1026.39), Plaintiff has a right to know the identity of the owner of the debt evidenced by either the Mortgage Note or the HELOC Note if and when ownership of the debt is sold or otherwise transferred or assigned by the purported original lender WF to a new owner.

22. In particular, 15 U.S.C. §1641(g)(1) requires that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer …"

23. Plaintiff emphasizes that the corresponding regulations at 12 C.F.R. §1026.39 also use the terms "loan" and "debt" interchangeably. *See* inter alia *12 C.F.R. §1026.39(d) and (d)(4)*.

24. At all times herein, consistent with both the *prima facie* intent of Congress and the Secretary, the terms "loan" and "debt" are used interchangeably to refer to the intangible right to receive a stream of payments corresponding *ipso facto* to the intangible obligation to make said payments.

25. The loan/debt, the intangible right/obligation, is distinct property from any promissory note or other related instrument, which is merely tangible evidence of the loan/debt. ("Plainly a debt is distinguishable from any instrument of evidence of the debt." *Pelham v. Way*, 82 U.S. 196, 202 (1872). The general rule of law is well settled that … the bill or note … is merely evidence of the debt. *Wyman v. Halstead*, 109 U.S. 654, 656 (1884). "[T]he mere presence of notes within a state which is not the residence or domicile of the owner does not bring the debts of which they are the written evidence within the taxing jurisdiction of that state." *Buck v. Beach*, 206 U.S. 392, 392 (1907), "Plaintiff's error is conflating the concepts of 'note' and 'debt' which are distinct under Arizona law. … The paper note is not the debt: it is only evidence of the debt..." (*Silving v Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055, 1068, D Arizona (2011)).

26. Defendant WFHM has a duty under applicable law, referenced both supra and infra, to Plaintiff as servicer pursuant to 12 U.S.C. §2605(k)(1)(D) (12 C.F.R. §1024.36(d)(2)(i)(A)) to disclose to Plaintiff, upon Plaintiff's request, the owner of the debt purportedly evidenced by the Mortgage Note (the "Mortgage Debt").

27. In particular, 12 U.S.C. §2605(k)(1)(D) requires all servicers of a federally related mortgage to "respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan."

28. Defendant WF has a duty to Plaintiff under applicable law, referenced both supra and infra, as servicer pursuant to 15 U.S.C. §1641(f)(2) (12 C.F.R. Part §226/1026, Subpart B - *Open-End Credit*) to disclose to Plaintiff, upon Plaintiff's request, the owner of the debt purportedly evidenced by the HELOC Note (the "HELOC Debt").

29. In particular, 15 U.S.C. §1641(f)(2) requires all servicers of a consumer obligation [i.e., consumer debt] to "[u]pon written request by the obligor [purportedly Plaintiff], the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." *Comments added.*

30. WF and WFHM, as creatures of statute, have a duty to know the laws of the United States governing the performance of their duties.

31. As servicers, WF and WFHM have a duty to know whether or not WF itself is or is not still the owner of the purported Mortgage Debt and HELOC Debt purportedly evidenced by the Mortgage Note and the HELOC Note, respectively.

32. WF and WFHM have opportunity to determine by mere intra-organizational inquiry whether or not WF itself is still the owner of the purported Mortgage Debt and HELOC Debt.

COMPLAINT
NO: TBD

33. WF and WFHM also have good faith duties as servicers of the Mortgage Note, Mortgage Deed, HELOC Note, and HELOC Deed instruments.

34. In particular, the *Uniform Commercial Code* at RCW 62A.1-304 requires that, "Every contract or duty within this title imposes an obligation of good faith [i.e., honesty in fact] in its performance and enforcement." *Comment added.*

Defendants' Failure to Fulfill Defendants' Statutory and Good Faith Duties

35. Beginning on or about October 16, 2023, Plaintiff repeatedly requested from WFHM information about the identity of the owner of the purported Mortgage Debt.

36. Defendant WFHM has refused or otherwise failed its statutory and good faith duties of due diligence and disclosure to discover and provide to Plaintiff the identity of the owner of the purported Mortgage Debt. *Documentation for an offer of proof available upon request; original copies of correspondence from Plaintiff is in the possession of Plaintiff.*

37. Beginning on or about December 8, 2023, Plaintiff repeatedly requested from WF information about the identity of the owner of the purported HELOC Debt.

38. Defendant WF has refused or otherwise failed its statutory and good faith duties of due diligence and disclosure to discover and to provide to Plaintiff the identity of the owner of the purported HELOC Debt. *Documentation for an offer of proof available upon request; original copies of correspondence from Plaintiff is in the possession of Plaintiff.*

39. In the spirit of good faith and fair dealing, Plaintiff has provided Defendants repeated notice and opportunity to fulfill Defendants' duties, amicably and privately cure their

respective defaults, avoid the time and expense of litigation and potential collateral risk publication, and prevent the utilization of precious judicial resources. *Documentation for an offer of proof available upon request; original copies of correspondence from Plaintiff is in the possession of Plaintiff.*

      40.    Court intervention to enjoin or otherwise penalize Defendants for failure to fulfill their statutory and good faith duties appears to neither unreasonably prejudice the rights of Defendants nor be averse to public policy.

Plaintiff's Reasonable Reliance on Defendants' Silence; Defendant's Equitable Estoppel

      41.    Plaintiff is not in receipt of any notice of new creditor for either the Mortgage Debt or the HELOC Debt.

      42.    Plaintiff is not in possession of any document purporting to evidence any debt related to the Surety that is owned by any party other than WF.

      43.    Plaintiff has reasonably and in good faith relied on Defendants' election of silence in response to Plaintiff's requests to conclude that WF is no longer the *de facto, de jure* owner of either the purported Mortgage Debt or the purported HELOC Debt.

      44.    Plaintiff has reasonably and in good faith relied on Defendants' election of silence in response to Plaintiff's requests to conclude that WF impermissibly, under contract law, sold, assigned, or otherwise transferred ownership of both the purported Mortgage Debt and HELOC Debt to third parties without said third-party's notice to Plaintiff; without corresponding

negotiation, assignment, or other transfer by WF of the Mortgage Note and HELOC Note; and without assignment by WF of the Mortgage Deed and HELOC Deed.

45. Plaintiff has reasonably and in good faith relied on Defendants' election of silence in response to Plaintiff's requests to conclude that Defendants both agree that WF is no longer the owner of either the Mortgage Debt or the HELOC Debt.

46. Plaintiff has reasonably and in good faith relied on Defendants' election of silence in response to Plaintiff's requests to bring the above-entitled complaint against WF and WFHM.

47. Defendants, for cause of Defendants' election of silence when Defendants had a duty to speak, are estopped in equity from further opportunities to cure Defendants' failure to identify the owner(s) of the purported Mortgage Debt and HELOC Debt or induce or compel payment of the purported Mortgage Debt and HELOC Debt. (*Huff v. Northern Pac. Ry. Co.*, 38 Wn. 2d 103, 104, 38 Wash. 2d 103, 228 P.2d 121 (Wash. 1951), *Perry v. Hal Antillen NV*, CASE NO. C12-0850JLR (W.D. Wash. May. 14, 2013), *Where a man has been silent when in conscience he should have spoken, he shall be debarred from speaking when conscience requires him to be silent.*).

Plaintiff Remains in Honor; Necessity of Court Intervention

48. Despite Defendants' apparent failed statutory and good faith duties, Plaintiff remains in honor and payments on both the purported Mortgage Debt and HELOC Debt are current.

49. Plaintiff's honorable payments under protest or duress do not imply acceptance or other ratification of any kind of any presentments or purported debts. *Documentation for an offer of proof available upon request; original copies of correspondence from Plaintiff is in the possession of Plaintiff.*

50. Plaintiff cannot determine what, if any, monetary damages owed by Defendants to Plaintiff may be reasonable, lawful, and just due to Defendants' failure to disclose the owner(s) of the purported Mortgage Debt and HELOC Debt.

51. Plaintiff has exhausted available administrative remedies and reluctantly seeks Court intervention in the form of *inter alia* declaratory and injunctive relief as a last resort.

52. Plaintiff is not aware of any other conditions precedent for bringing suit that have not been satisfied.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT
### (12 U.S.C. §2601, et. seq.)

53. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

54. Despite repeated notice and opportunity, Defendant WFHM has failed its statutory duty at 12 U.S.C. §2605(k)(1)(D) to provide the identity of the owner of the purported Mortgage Debt.

COMPLAINT NO: TBD      11      Ronald Beaver - 425.923.4495
c/o 23515 NE Novelty Hill Road
B221-393, Redmond, WA 98053

## COUNT II: VIOLATION OF THE COVENANT OF GOOD FAITH

## (RCW 62A.1-304)

55. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

56. Despite repeated notice and opportunity, Defendant WFHM has failed its duty at RCW 62A.1-304 to deal with Plaintiff in good faith by failing to provide the identity of the owner of the purported Mortgage Debt.

## COUNT III: FRAUD BY SILENCE AND UNCLEAN HANDS

57. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

58. Despite repeated notice and opportunity, Defendant WFHM has, by failing its legal and moral duties to answer Plaintiff, elected to engage in a pattern of fraud by silence (*United States v. Prudden*, 424 F.2d 1021, 1032 (5th Cir. 1970)) and revealed WFHM's unclean hands with respect to this instant matter.

## COUNT IV: VIOLATION OF CONSUMER CREDIT PROTECTION ACT

## (15 U.S.C. §1601, et. seq.)

COMPLAINT
NO: TBD

12

Ronald Beaver - 425.923.4495
c/o 23515 NE Novelty Hill Road
B221-393, Redmond, WA 98053

59. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

60. Despite repeated notice and opportunity, Defendant WF has failed its statutory duty at 15 U.S.C. §1641(f)(2) to provide the identity of the owner of the purported HELOC Debt.

### COUNT V: VIOLATION OF THE COVENANT OF GOOD FAITH
### (RCW 62A.1-304)

61. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

62. Despite repeated notice and opportunity, Defendant WF has failed its duty at RCW 62A.1-304 to deal with Plaintiff in good faith by failing to provide the identity of the owner of the purported HELOC Debt.

### COUNT VI: FRAUD BY SILENCE AND UNCLEAN HANDS

63. Plaintiff restates and incorporates the preceding paragraphs 1 through 52, inclusive, with the same force and effect as if set forth at length herein.

64. Despite repeated notice and opportunity, Defendant WF has, by failing its legal and moral duties to answer Plaintiff, elected to engage in a pattern of fraud by silence (*United States v. Prudden*, 424 F.2d 1021, 1032 (5th Cir. 1970)) and revealed WF's unclean hands with respect to this instant matter.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff requests determination by this Court that the record made in this instant case proves-up that Defendants WF and WFHM, an apparent and undenied alter ego of WF, have by silence breached statutory and good faith duties to verify the legal sufficiency of claims against Plaintiff, which determination warrants this Court:

A. Entering a declaratory judgment that Defendants have failed to fulfill their respective statutory and good faith duties to provide Plaintiff with the identity(ies) of the owner(s) of the purported Mortgage Debt and purported HELOC Debt;

B. Entering a declaratory judgment that both the purported Mortgage Debt and HELOC Debt are satisfied with respect to WF;

C. Entering an order permanently enjoining Defendants from contacting Plaintiff, directly or indirectly and for any reason whatsoever (excluding the payment of damages, if any) related to the purported Mortgage Note, Mortgage Debt, and Mortgage Deed of Trust or the purported HELOC Note, HELOC Debt, and HELOC Deed of Trust;

D. Entering an order that the King County Recorder's Office remove the Mortgage Deed of Trust and HELOC Deed of Trust from the public record so as to preserve the property, reputation, and credit-worthiness of Plaintiff and reconvey to Plaintiff full right, title and interest in and to the Surety;

E.  Entering an order that Plaintiff submit a proposed articulation of damages incident to Defendants' inducing and compelling payment by Plaintiff of unverified and undocumented debts not owned by the purported creditor WF;

F.  Entering an order awarding Plaintiff such costs as allowed by law; and

G.  Granting Plaintiff such other and further relief as this Court deems appropriate.

Respectfully submitted this 28th of March, 2024.

By: _____

Ronald Beaver, *in pro per*
c/o 23515 NE Novelty Hill Road
B221-393
Redmond, WA 98053
Ph.: 1.425.923.4495
Email: ronbeaverph@icloud.com

## **VERIFICATION**

Pursuant to the authority of 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability. Dated this 28th day of March 2024 near Redmond, Washington.

By: _____

Ronald Beaver

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

**FROM:**
Ronald Bom
6265 198TH AVE NE
Redmond, WA 98053

**TO:**
US DISTRICT Court
700 Stewart St
Ste 2310
Seattle, WA 98101

FILED ___ LODGED ___ RECEIVED ___
APR 01 2024
AT SEATTLE
CLERK U.S. DISTRICT COURT



---

UNITED STATES POSTAL SERVICE®

Retail

**US POSTAGE PAID**
**$9.85**

Origin: 98052
03/28/24
5470420265-05

**PRIORITY MAIL®**

0 Lb 12.60 Oz

RDC 03
C028

EXPECTED DELIVERY DAY: 03/30/24

SHIP TO:
STE 2310
700 STEWART ST
SEATTLE WA 98101-4442



USPS TRACKING® #

9505 5152 6314 4088 1916 38



PS00001000014