Ron Beaver, *in pro per*
c/o 23515 NE Novelty Hill Rd.
B221-393
Redmond, WA 98053
Ph.: 1.425.923.4495

The Honorable Kymberly K. Evanson

FILED _____ ENTERED
LODGED _____ RECEIVED

OCT 17 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

Ronald Beaver,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A. and
WELLS FARGO HOME MORTGAGE,

      Defendants.

Civil Action No. 2:24-cv-00442-KKE

Note on Motion Calendar:

**NOVEMBER 7, 2024**

**ORAL ARGUMENT REQUESTED**

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR CAUSES OF VIOLATIONS OF FEDERAL RULE OF CIVIL PROCEDURE 11 AND THE WASHINGTON STATE RULES OF PROFESSIONAL CONDUCT AND OF BREACH OF FIDUCIARY DUTY

COMES NOW Plaintiff Ronald Beaver ("Beaver") who, *in pro per* and pursuant to Federal Rule of Civil Procedure 11, hereby brings this Motion for Sanctions against Defendants Wells Fargo Bank, N.A. ("WF") and Wells Fargo Home Mortgage ("WFHM") ("Defendants") and Defendants' counsel Justin T. Jastrzebski ("Jastrzebski" or "Counsel").

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

1 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Beaver states in support as follows:

## I.   Introduction.

On April 1, 2024, Beaver brought his Complaint against Defendants. (*Dkt. 1*) On July 24, 2024, Beaver filed his First Amended Complaint (*Dkt. 4*) Defendants, after being duly served, through Counsel filed motion to dismiss pursuant to Rule 12(b)(6). (*Dkt. 8*)

Beaver alleges that Counsel, with the apparent consent of WF and WFHM, LAGERLOF, LLP partner Robert A. Bailey, and LAGERLOF management, recklessly presented to this Court Defendants' motion consisting of *five (5) false or misleading statements* that are not well-grounded in fact or warranted by existing law and that could easily be determined as false or misleading with diligent inquiry into available facts.

Defendants' and Counsel's conduct has already deprived Beaver of many hours-worth of Beaver's property, and is causing both the misuse of judicial resources and a delay in the justified recovery of Beaver's property taken by Wells Fargo under false pretenses.

On September 11, 2024, Beaver emailed to Defendant's Counsel, pursuant to the parties Stipulation for Email Service (*Dkt. 13*), a draft Motion for Sanctions that specified the conduct about which Beaver complains in the manner described *infra* in Section V. Beaver copied LAGERLOF Managing Partner Driskell in hopes that LAGERLOF would self-regulate. *See Exhibit A for the cover email; draft motion provided to Counsel available upon request.*

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE                    2 of 17                    Ronald Beaver - 425.923.4495
                                                                   c/o NE Novelty Hill Rd
                                                                   B221-393, Redmond, WA 98053

As of October 16, 2024, Beaver is not in receipt of any response or aware of any corrective action taken by Defendants or Counsel. Counsel appears to have reiterated at least one of Defendants' false or misleading claims (False Claim #1 *infra*).

As a result of Defendants' and Counsel's apparent reckless and bad faith conduct and refusal to self-correct after more than *thirty (30) days* of notice and opportunity, Plaintiff herein seeks an order of sanctions against Defendants and Counsel.

## II.  Judicial Notice of Law: Sanctions Under Federal Rule of Civil Procedure 11.

Federal courts have inherent power to sanction parties and their attorneys for improper conduct and should exercise restraint and discretion. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991). "An award of sanctions under . . . the district court's inherent authority requires a finding of recklessness or bad faith." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) Fed. R. Civ. P. ("FRCP") 11(b) prohibits a party from making *inter alia* frivolous, harassing, unfounded, or false representations. FRCP 11(c)(4)  states sanctions must *suffice to deter repetition* of comparable misconduct, and may include non-monetary directives.

## III. Judicial Notice of Law: Disqualification under Washington Rules of Professional Conduct

"Disqualification of counsel is a drastic remedy that exacts a harsh penalty from the parties as well as punishing counsel; therefore, it should be imposed only when absolutely necessary." *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996); see also *Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 2940599, at *2 (W.D. Wash. July 24, 2008)

("Washington courts are reluctant to disqualify an attorney absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co.*, 881 P.2d 1020 (Wash. 1994))).

Attorneys practicing in the Western District of Washington must abide by the "Washington Rules of Professional Conduct, as promulgated, amended, and interpreted by the Washington State Supreme Court . . . and the decisions of any court applicable thereto." Local Rules W.D. Wash. LCR 83.3(a). Accordingly, the Washington Rules of Professional Conduct ("RPCs") will govern the disqualification analysis. RPCs applicable to the instant matter include, without limitation:

RPC 3.2. EXPEDITING LITIGATION. "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

RPC 3.3 CANDOR TOWARDS THE TRIBUNAL. "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; …"

RPC 3.4. FAIRNESS TO OPPOSING PARTY. "A lawyer shall not: … (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists; …"

RPC 4.1. TRUTHFULNESS IN STATEMENTS TO OTHERS. "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; …"

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

4 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

RPC 8.4. MISCONDUCT. "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, … ; … (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; …"

IV. Judicial Notice of Law: Breach of Fiduciary Duty.

The *Revised Code of Washington* 2.48.010 created the Washington State Bar Association ("WSBA") as an agency of the State of Washington. Counsel is a member of said association; thus, by definition, an agent of the State holding a public office.

The Preamble to the *Washington State Court Rules: Rules of Professional Conduct* (the "Preamble") emphasizes this public role in §[1] "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the court [*yet another public office*] and a *public citizen* having special responsibility for the quality of justice." (Comment and emphasis added.)

"The theory of our government is, that all public stations are trusts…" *Trist v. Child*, 88 U.S. 441, 450 (1874), "The decisions are numerous to the effect that public offices are … trusts…"

*Taylor and Marshall v. Beckham*, 178 U.S. 548, 577 (1900), "Public service is a public trust …"

*Executive. Order. No. 12731*, Oct. 17, 1990.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Specifically, all public officials are trustees of the revocable, spendthrift public trust expressed in the Organic Laws of the United States of America[1]; the people of the organic Union states such as Washington, one among which people is Beaver, are the grantors and beneficiaries of said trust.[2]

A *sina qua non* of any trust is that trustees owe beneficiaries fiduciary duties of care (e.g., to know and follow applicable law), loyalty, and candor (e.g., to refrain from making reckless, false or misleading statements) in the exercise of the trustees' positions, the privilege and authority of which are derived from the grantor(s).

The RPCs listed above are only specific instances of WSBA members' fiduciary duties. "The [RPCs] do not, however, exhaust the moral and ethical considerations that should inform a lawyer, … The Rules simply provide a framework for the ethical practice of law." (*Preamble*, §[16])

The legal profession claims to be "self-governing." (*Id.*, §[10]) "Every lawyer is responsible for observance of the [RPCs]. A lawyer should also aid in securing their observance by other legal practitioners. Neglect of these responsibilities compromises the independence of the profession and *the public interest which it serves*." (*Id*, §[12], emphasis added.)

---

[1] "The Organic Laws of the United States of America," *United States Code, Vol. 1*, 2018 ed., pp. XLV - LXXV. A trust exists when all essential elements of a trust are expressed. *See Restatatement Third, Trusts* §2.

[2] *Chisholm v. Georgia*, 2 U.S. 419, 455 (1793), *Glass v. Betsey*, 3 U.S. 6, 13 (1794), *McCulloch v. Maryland*, 17 U.S. 316, 405 (1819), *Spooner v. McConnell*, 22 F.Cas. 939, 943 (1838), *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886), and *Hale v. Henkel*, 201 U.S. 43, 74 (1906). See also President James Monroe, *Second Inaugural Address*, March 5, 1821.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Under the organic laws, however, beneficiaries hold both the right *and the duty*[3] to enforce the terms of the trust, typically with assistance of the courts. "[U]ltimate authority over the legal profession is vested largely in the courts." (*Preamble*, §[10]) A single beneficiary can enforce the trust's terms: "each of the beneficiaries of such a trust [with a definite class of members] is in [a position to redress a breach of trust], for if none could sue then the trustee might commit a breach of trust with impunity." (*Restatement Third, Trusts* §45(f))

## V.   Defendants and Counsel Have Acted Recklessly and in Bad Faith.

*Notice: this section was provided* verbatim *to Counsel except as noted. Certain paragraphs are omitted here for the sake of word count limits.*

In particular, Counsel scandalizes these proceedings by basing Defendants' motion [*Dkt. 8*] *solely* upon five separate frauds upon this Honorable Court, namely:

1.  Beaver alleges that Wells Fargo has violated its statutory duty by failing to provide a notice of new creditor;

2.  Beaver failed to properly request leave to amend his original complaint;

3.  Beaver consented to satisfaction of the alleged debts owed to Wells Fargo when Beaver sold Beaver's property;

4.  Beaver has no evidence to establish his claims that one or more new creditor(s) had stepped into the shoes of Wells Fargo; and

---

[3] See "The Declaration of Independence - 1776", *United States Code, Vol. 1*, 2018 ed., p. XLVII.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE
7 of 17
Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

5. Wells Fargo has already addressed Beaver's requests for the identities of the owners of the alleged debts.

Jastrzebski's Knowingly False Claim 1 Warranting Sanctions: Beaver alleges that Wells Fargo has violated its statutory duty by failing to provide a "notice of new creditor."

Counsel avers, "Plaintiff alleges that Wells Fargo has violated its statutory duties by failing to provide notice of a 'New Creditor' to Plaintiff …" (*p. 1, ln 21*) and "Plaintiff filed the instant action, based *solely* upon his misguided belief, claiming that Wells Fargo violated its statutory duty [under 15 U.S.C. §1641(g)] by failing to send a notice that was not required." (*p. 2., ln 22; emphasis added*) See also p. 3, ln 8 and p. 5, ln 9.

Beaver never made any such claim, as is evident from the plain text and the *twelve* substantive causes of action in Beaver's First Amended Verified Complaint. (*Doc. No. 4*) Beaver merely stated the fact that Beaver is not in receipt of such a notice. (*Doc. No. 4, ¶39*)

Counsel's averments that Beaver claimed WF violated its statutory duty at 15 U.S.C. §1641(g) to provide a "notice of new creditor," and that this alleged claim was Beaver's sole cause of action, are knowingly false statements by an officer of this Court.

*Notice (not in original): Counsel reiterates this averment in Defendants' Reply In Support (Dkt. 18, p. 2, ln. 11).*

Jastrzebski's Knowingly False Claim 2 Warranting Sanctions: Beaver failed to properly request leave to amend his original complaint.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Counsel avers, "Plaintiff's failure to properly request leave to amend his original complaint requires dismissal of this action." *(p. 3, ln 5 and p. 4, ln 6)*.

As is clear from the record of these proceedings, Beaver filed his First Amended Verified Complaint on July 24, 2024, prior to service to Defendants on August 8 and 9, 2024. Beaver filed no proof of service for the original complaint on the Court records because Beaver did not serve - or even attempt to serve - Defendants with the original complaint, and Defendants and Counsel have offered no evidence to the contrary.

Federal Rule of Civil Procedure 15 provides for amendment as of right once within 21 days *of serving the complaint* or after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). (emphasis added). Beaver had no duty to request leave to amend since he did so prior to service.

Counsel's averments that Beaver failed to properly request leave to amend Beaver's complaint are knowingly false statements by an officer of this Court.

*Notice (not in original): Counsel rendered this averment moot in Defendants' Reply in Support (Dkt. 18, p. 2, ln 24-25). However, does such an indirect withdrawal of the original statement leave Beaver with no remedy and Defendants and Counsel no cause for opprobrium?*

Jastrzebski's Knowingly False Claim 3 Warranting Sanctions: Beaver consented to satisfaction of the alleged debts owed to Wells Fargo when Beaver sold Beaver's property.

Counsel avers, "Plaintiff voluntarily elected to sell the Property upon which Wells Fargo held two security interests. By selling the Property, Plaintiff consented to the satisfaction of the

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

9 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

outstanding obligations owed to Wells Fargo under the [respective deeds] from the sale proceeds. Plaintiff is now estopped from claiming that he had no obligation to Wells Fargo." (*p. 3, ln 12*) See also p. 6, ln 3; p.7, ln 16; and p. 8, ln 3.

WF and WFHM threatened Beaver with foreclosure even if Beaver withheld payments *without dishonor and for cause*.

Based on Beaver's letters received by WF in the possession of WF, and according to Counsel part of the record of this case (*Doc. No. 9, Section II*), WF knows that Beaver explicitly informed WF that Beaver was making payments on the alleged HELOC Debt (*defined at Doc. No. 4, ¶22*) under duress in Beaver's letter entitled "Notice of Payment under Protest" dated March 14, 2024 (received by WF on March 18, 2024 with return receipt confirmation). *Documentation for an offer of proof available upon request.*

Similarly, based on Beaver's letters received by WFHM in the possession of WF or WFHM, and according to Counsel part of the record of this case (*Doc. No. 9, Section II*), WF and WFHM know that Beaver explicitly informed WFHM that Beaver was making payments on the alleged Mortgage Debt (*defined at Doc. No. 4, ¶21*) under duress in Beaver's letter "Notice of Payment in Protest" dated February 9, 2024 (received by WFHM on February 15, 2024 with return receipt confirmation). *Documentation for an offer of proof available upon request.*

Both letters state unambiguously, "Any payments made by [Beaver] to Wells Fargo Bank, N.A. on or after the date of this Notice of Payment in Protest dated [date of letter] are made in

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

10 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

protest and under duress and may not be deemed ratification or acceptance of any presentment or alleged debt or loan in any manner or to any degree."

Further objections during the sale of Beaver's Property would have been pointless and only caused additional damage to Beaver by delaying or otherwise impairing Beaver's ability to close escrow.

In short, coercion by WF and WFHM does not imply consent by Beaver.

Counsel's averments that Beaver consented to the debts to WF upon sale of Beaver's property are knowingly false statements by an officer of this Court.

Jastrzebski's Knowingly False Claim 4 Warranting Sanctions: Beaver has no evidence to establish his claims that one or more new creditor(s) had stepped into the shoes of Wells Fargo.

Counsel avers, "[Plaintiff] has no evidence to establish his claim that a new creditor has stepped into the shoes of Wells Fargo…" (*p. 1, ln 25*).

On the contrary, based on Beaver's letters received by WF in the possession of WF, and according to Counsel part of the record of this case (*Doc. No. 9, Section II*), WF knows that WF *admitted*[4] to Beaver that WF sold, assigned, or otherwise transferred ownership of the HELOC Debt to the special-purpose entity "Wells Fargo Home Equity Securitization Trust 2018-07" on or before July 25, 2018 by failing to defend both WF's ownership interest in the alleged HELOC Debt and the propriety of WF's actions as servicer of the HELOC Debt

---

[4] "Silence can constitute acquiescence when one party would be expected to speak to protect its interests." *Ellerbroek v CHS Inc*, 13 Wash. App. 2d 278, 286 (Wash Ct. App. 2020) citing *Peckham v. Milroy*, 104 Wash. App. 887, 892, 17 P.3d 1256 (2001). This is in addition to Wells Fargo's and Wells Fargo Home Mortgage's implied and statutory duties to respond in good faith owed to Beaver, as discussed in Beaver's amended complaint.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

11 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

against Beaver's specific allegations in Beaver's letter dated January 29, 2024 (received by WF on January 31, 2024 with return receipt confirmation) *Documentation for an offer of proof available upon request. Note also that WF's master servicing and pooling agreement is subject to discovery, and trustee of said trust U.S. Bank, N.A. is sub sect to subpoena.*

Similarly, based on Beaver's letters received by WFHM in the possession of WF or WFHM, and according to Counsel part of the record of this case (*Doc. No. 9, Section II*), WFHM knows that WF alter ego WFHM also *admitted* to Beaver that WF sold, assigned, or otherwise transferred ownership of the Mortgage Debt to the special-purpose entity "Wells Fargo Mortgage Securitization Trust 2015-03" on or before April 23, 2015 by failing to defend both WF's ownership interest in the alleged Mortgage Debt and the propriety of WFHM's actions as servicer of the Mortgage Debt against Beaver's specific allegations in Beaver's letters dated December 11, 2023, January 12, 2024, and February 6, 2024 (received by WFHM on, respectively, December 21, 2023, January 17, 2024, and February 8, 2024 with return receipt confirmation) *Documentation for an offer of proof available upon request. Note also that WFHM's master servicing and pooling agreement is subject to discovery, and trustee of said trust U.S. Bank, N.A. is sub sect to subpoena.*

*[Paragraph omitted from original.]*

Counsel's averment that Beaver has no evidence to support his claims of new creditors is a knowingly false statement by an officer of this Court.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

12 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Jastrzebski's Knowingly False Claim 5 Warranting Sanctions: Wells Fargo has already addressed Beaver's requests for the identities of the owners of the alleged debts.

Counsel avers, "Plaintiff alleges that Wells Fargo has violated its statutory duties by failing to … respond to Plaintiff's inquiries regarding the 'owner of the debt' of his loans. … he [Plaintiff] has also been provided with an answer to those questions …" (*p. 1, ln 21*), "Wells Fargo has already addressed the issues raised in Plaintiff's complaint." (*p. 3, ln 7 and p. 5, ln 9*), and "Wells Fargo has complied with any duties it may have had under 15 U.S.C. §1641(f) and 12 U.S.C. §2605(k) to respond to a written request of the obligor." (*p. 5, ln 20*).

As a reminder, WF's statutory duty related to the HELOC Debt is found at 15 U.S.C. §1641(f)(2), which provides, "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."

As a reminder, WF's statutory duty related to the HELOC Debt is found at 15 U.S.C. §1641(f)(2), which provides, "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

13 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."

Similarly, WFHM's statutory duty for the Mortgage Debt is found at 12 U.S.C. 2605(k)(1), which provides, "A servicer of a federally-related mortgage shall not - ... (D) fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan."

*Beaver specifically requested to know the identity of the then-current owners of the two debt obligations.* (Beaver was already aware that WF and WFHM were servicer.)

Counsel's Request for Judicial Notice (*Doc. No. 9*) offered evidence that Wells Fargo replied to Beaver's inquiries about the owner of the HELOC Debt and the Mortgage Debt by inclusion of a self-serving subset of Beaver's inquiries (*Doc. No. 9-1, Ex. 4*) and letters from servicer WF about the HELOC Debt (*Doc. No. 9-1, Ex 5*) and from servicer WFHM about the Mortgage Debt (*Doc. No. 9-1, Ex 6*).

The evidence provided by Counsel *confirms* Beaver's claim that neither WF nor WFHM answered Beaver's specific questions about the identity of the owners of the two debts.

*Notice (not in original): To date Defendant's have apparently not disputed Beaver's Judicial Notice of Law related to the foregoing.* See Dkt. 4, ¶¶ 21-22.

Counsel's averments that Defendants have already answered Beaver's specific questions about the identity of the owner of the two debts are knowingly false statements by an officer of this Court.

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

14 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

IV. Conclusion.

As evidenced *supra*, Counsel, with the apparent consent of principals WF and WFHM and LAGERLOF management, recklessly presented to this Court Defendants' putative Motion to Dismiss consisting of *five (5) false or misleading statements* not well-grounded in fact or warranted by existing law and that could easily be determined as false or misleading with diligent inquiry into available facts.

This pattern of conduct has harassed Beaver, deprived Beaver of Beaver property (substantial time and energy and expenses), delayed the justified recovery of Beaver's property taken by WF and WFHM under false pretenses, and distracted this Court from its efficient administration of justice.

Neither Counsel nor Defendants have apparently corrected their averments or defended the propriety of their conduct against Beaver's allegations. Beaver considers Counsel's and Defendants' silence as acquiescence to Beaver's allegations and has relied on said silence to file the instant motion.

Beaver notes that Counsel's pattern of misconduct, and LAGERLOFS's apparent enabling of said misconduct, is not a mere violation of technical rules. Worse, this conduct appears also to be a breach of Counsel's fiduciary duties of care and candor under the public trust, and failure of LAGERLOF management's duty to self-regulate and self-correct such breaches.

Such breaches and failures evince an apparent disdain for the honor of this Court, the integrity of the judicial process, and the sacred duties owed by trustees in the exercise of their

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

15 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

privileged public stations. If undeterred, such misconduct may breed a cynical view of the legal profession's willingness to regulate fellow trustees and this Court's commitment to the rule of law, equal protection, and due process.

Grantor-beneficiary Beaver, Plaintiff in the instant matter, claims that Counsel's conduct described *supra,* on behalf of Defendants and with the approval of Defendants and Counsel's firm, warrants determination by this Court that Counsel and Defendants have committed multiple frauds upon this Honorable Court in violation of both Rule 11 and numerous RPCs governing Counsel's conduct, and in so doing Counsel has breached Counsel's fiduciary duties of care and candor under the public trust.

Does this Court tolerate the conduct described *supra?*


IV. Request for Relief.

Based on the foregoing, Beaver requests that this Honorable Court enter an order awarding Beaver sanctions in an amount deemed appropriate, take any other actions (including revoking Counsel's privileged position by disqualification from the instant matter or suspension from practice before this Court), strike Defendant's motion to dismiss from the record, and grant any other relief deemed just, proper, and sufficient to deter repetition of the type of misconduct described herein.

Respectfully submitted this 17th day of October, 2024.

By: _____

Ronald Beaver, *in pro per*

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

16 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

c/o 23515 NE Novelty Hill Road
B221-393
Redmond, WA 98053
Ph.: 1.425.923.4495
Email: ronbeaverph@icloud.com

## CERTIFICATE OF WORD COUNT PER LCR 7(e)

I certify that this notice contains no more than 4,030 words per LCR 7(e).

By: _____
Ronald Beaver

## VERIFICATION

Pursuant to the authority of 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability. Dated this 17th day of October, 2024 near Redmond, Washington.

By: _____
Ronald Beaver

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of October, 2024, I hand-delivered the foregoing to the Clerk of Court for filing and thereafter delivered a copy to counsel for Defendant via email pursuant to the Stipulation for Email Service in force between the parties.

By: _____
Ronald Beaver

MOTION FOR SANCTIONS
No. 2:24-cv-00442-KKE

17 of 17

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

**EXHIBIT A**

REQUEST FOR JUDICIAL NOTICE
No. 2:24-cv-00442-KKE

A

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd
B221-393, Redmond, WA 98053

**From: Ron Beaver** ronbeaverph@icloud.com
**Subject:** Motion for Sanctions [unfiled]
**Date:** September 11, 2024 at 4:19 PM
**To:** jdriskell@lagerlof.com, Justin T. Jastrzebski jjastrzebski@lagerlof.com, Karrie L. Blevins kblevins@lagerlof.com

Hello Justin,

Attached please find an UNFILED motion for sanctions in response to the motion to dismiss that you authored. I will file this in 21 days unless you would like to reconsider your motion.

Dear Joshua,

As a fellow small-business executive, I include you as a courtesy in the event that junior counsel's conduct is beneath the dignity of your firm.

Warm regards,

Ron



20240911 WF
Sancti...vs.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Ronald Beaver,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A. and
WELLS FARGO HOME MORTGAGE,

      Defendants.

                                 /

Civil Action No. 2:24-cv-00442-KKE

**[PROPOSED] ORDER
GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS**

THIS CAUSE, having come to the Court upon Plaintiff Ronald Beaver's Motion for

Sanctions Against Defendants and Defendants' Counsel (*Dkt.* _____), after reviewing said

motion, any opposition filed thereto, the Record and filings in this case, the Court is fully and

duly advised of the Premises. Accordingly, it is hereby ORDERED and ADJUDGED:

1. Plaintiff's Motion for Sanctions is hereby **GRANTED**;

2. The Court finds that Defendants and Defendants' Counsel acted recklessly and in bad faith;

3. The Court finds that Defendants and Defendants' Counsel acted knowingly;

ORDER GRANTING SANCTIONS
No: 2:24-cv-00442-KKE

1 of 2

Ronald Beaver - 425.923.4495
c/o NE Novelty Hill Rd, B221-393
Redmond, WA 98053

4. The Court finds that Defendants' Counsel's firm, Lagerlof, LLP, failed to regulate and correct Counsel's misconduct;

5. The Court finds that Counsel breached Counsel's fiduciary duties as a trustee under the public trust; and

6. Plaintiff is hereby granted the following sanctions against Defendants, Defendants' Counsel, and Counsel's firm:

_____

_____

_____

_____

_____

Dated this _____ day of _____, 2024.


_____

**DISTRICT COURT JUDGE**

Presented by:

Ronald Beaver, *in pro per*
c/o 23515 NE Novelty Hill Road
B221-393
Redmond, WA 98053
Ph.: 1.425.923.4495
Email: ronbeaverph@icloud.com

ORDER GRANTING SANCTIONS                    2 of 2                    Ronald Beaver - 425.923.4495
No: 2:24-cv-00442-KKE                                                 c/o NE Novelty Hill Rd, B221-393
                                                                      Redmond, WA 98053