1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BEAVER,

     Plaintiff(s),

  v.

WELLS FARGO BANK et al.,

     Defendant(s).

CASE NO. C24-00442-KKE

ORDER GRANTING MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RULE 11 SANCTIONS

   Plaintiff Ronald Beaver, proceeding *pro se*, alleges that Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively, "Wells Fargo") violated its statutory duties by failing to provide notice of a new creditor to Beaver and to respond to his inquiries regarding the "owner of the debt" for his loans. Wells Fargo moves to dismiss Beaver's first amended complaint ("FAC") for failure to state a claim. Dkt. No. 8. Beaver also moves for summary judgment (Dkt. No. 6) and Rule 11 sanctions against Wells Fargo (Dkt. No. 19).

   For the reasons explained below, the Court grants Wells Fargo's motion to dismiss and dismisses Beaver's claims with prejudice because Beaver has not alleged a legally cognizable injury. Beaver's motion for summary judgment is denied as moot. The Court also denies Beaver's Rule 11 motion because he has not shown that sanctions against Wells Fargo are warranted.

# I.    BACKGROUND[1]

**A.    Factual Allegations**

On February 18, 2015, Plaintiff Beaver obtained a $690,000.00 mortgage from Wells Fargo, which was confirmed by a promissory note and secured by a Deed of Trust ("Mortgage") encumbering 26450 NE 70th Street, Redmond, WA 98053 (the "Property").  Dkt. No. 9-1 at 2–4 (promissory note), 6–24 (deed of trust); Dkt. No. 4 at 4.  Over three years later, on July 6, 2018, Beaver obtained a home equity line of credit ("HELOC") from Wells Fargo with a maximum limit of $411,820.00.  Dkt. No. 9-1 at 26–31; Dkt. No. 4 at 4.  The HELOC was also confirmed by a promissory note and secured by a Short Form Open-End Deed of Trust (the "HELOC DOT") encumbering the Property.  Dkt. No. 9-1 at 26–31; Dkt. No. 4 at 4.

Around October to December 2023, Beaver sent correspondence to various individuals at Wells Fargo, requesting Wells Fargo identify "the owner of the debt" and to notify Beaver "if the owner is different than the purported original lender."  Dkt. No. 4 at 4, 8; *see also* Dkt. No. 9-1 at 33–37 (letter to Wells Fargo).  Wells Fargo responded to Beaver's correspondence and advised Plaintiff that Wells Fargo is the "servicer and assignee for [his] account" relating to the HELOC DOT.  Dkt. No. 9-1 at 102.  Beaver alleges that he never received any "mandatory notice of new creditor" or document showing that Wells Fargo assigned his mortgage and HELOC DOT to another party.  Dkt. No. 4 at 10.  Beginning in February 2024, Beaver stopped making monthly payments required under the HELOC DOT.  *Id.* at 88, 91; *see* Dkt. No. 4 ¶ 33.

In May 2024, Beaver sold the Property that secures the WFB DOT and the HELOC DOT.  Dkt. No. 4 ¶ 34.  Beaver claims that because he sold the Property and "transferred ownership of

---

[1] For purposes of a motion to dismiss, the Court assumes that the facts alleged in the complaint are true.  *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).  The background also includes facts the Court has judicially noticed in deciding the motion to dismiss.  *See infra* Section II(B)(2).

both the purported Mortgage Debt and HELOC Debt," he has "no obligation to Wells Fargo." *Id.* at 10. After the sale of the Property closed, Wells Fargo satisfied Beaver's outstanding obligations to Wells Fargo under the WFB DOT and HELOC DOT via funds paid through Beaver's escrow account. *Id.* ¶ 38. Because Beaver's obligations under the two deeds of trust were satisfied, the respective deeds were reconveyed. Dkt. No. 9-1 at 109, 111.

**B.    Procedural History**

Beaver filed his initial complaint on April 1, 2024 (Dkt. No. 1). Beaver admits in his opposition to the motion to dismiss that he did not properly serve the original complaint on Wells Fargo. Dkt. No. 16 at 2. On July 24, 2024, Beaver filed the FAC before serving his initial complaint. Dkt. No. 4. Beaver claims that Wells Fargo violated various federal and Washington state statutory duties by failing to provide the identity of a new creditor on the HELOC. Dkt. No. 4 at 13–14. Wells Fargo then moved to dismiss for failure to state a claim. Dkt. No. 8. On August 22, 2024, Wells Fargo filed a request for judicial notice of various documents submitted in support of its motion to dismiss. Dkt. No. 9. After the parties fully briefed the motion to dismiss, Beaver moved for Rule 11 sanctions against Wells Fargo. Dkt. No. 19.

## II.    ANALYSIS

**A.    The Court Has Subject Matter Jurisdiction.**

This Court has authority to adjudicate this case because Beaver asserts claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and federal Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601 *et seq. See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**B.      Beaver Fails to State a Claim Under Rule 12(b)(6).**

Wells Fargo moves to dismiss Beaver's claims, arguing that the FAC should be dismissed because Beaver fails to allege sufficient facts showing that (1) Wells Fargo held and violated a statutory duty to notify Beaver of an unnamed new creditor; and (2) Beaver has a legally cognizable injury caused by Wells Fargo's conduct.  Dkt. No. 8 at 3.  For the reasons below, the Court grants Wells Fargo's motion.

1. Legal standard under Rule 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  If a court decides to dismiss a complaint for failure to state a claim, it should grant leave to amend even if no such request was made, unless the pleading cannot be cured by alleging other facts. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Olympus Spa v. Armstrong*, 675 F. Supp. 3d 1168, 1201 (W.D. Wash. 2023).

To establish standing to sue in federal court, a plaintiff must establish a "(1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 821 (9th Cir. 2002).  To survive a 12(b)(6) motion, Beaver "has the burden of alleging specific facts sufficient to satisfy these three elements." *Id.* at 821, 823 (noting the injury element remains the proper basis of a 12(b)(6) motion).  Beaver must allege facts supporting a personal, particularized, and concrete

injury.  *Id.* at 821 (holding that a plaintiff's injury must be unique to that plaintiff, "distinct and palpable" rather than "merely abstract," and imminent rather than hypothetical and speculative).

      2.  <u>The Court grants Wells Fargo's request for judicial notice.</u>

Typically, the Court may not consider material beyond the pleadings in deciding a motion to dismiss under Rule 12(b)(6).  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Wells Fargo asks the Court to take judicial notice of various documents submitted in support of its motion to dismiss.  Dkt. No. 9.  These documents include correspondence between Beaver and Wells Fargo during the relevant times alleged in the FAC, the promissory notes and deeds of trust encumbering the Property and securing Beaver's HELOC, and the two deeds of reconveyance executed in May 2024 and June 2024.  *Id.*  Under Rule 201(b), the Court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Beaver does not question the existence or authenticity of these documents, and the HELOC is a matter of public record.  *Lee*, 250 F.3d at 688–89 ("[A] court may take notice of 'matters of public record.'"); *United States v. Sanft*, No. CR 19-00258 RAJ, 2021 WL 5283957, *1 (W.D. Wash. Nov. 12, 2021) ("Taking judicial notice of publicly available information provided by a government agency meets the requirements for judicial notice.").  Moreover, these documents form the basis for his claims and are referenced in the FAC.  *Puget Soundkeeper All. v. Total Terminals Int'l, LLC*, 371 F. Supp. 3d 857, 861 (W.D. Wash. 2019) ("Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that

form the basis of plaintiff's claim, and matters of judicial notice" on a 12(b)(6) motion"); *see also* Dkt. No. 4 at 4 (referencing the mortgage WFB DOT and HELOC DOT), 8–9 (referencing correspondence with Wells Fargo).

As such, the Court grants Wells Fargo's request and takes judicial notice of these documents in deciding the motion to dismiss. *See* Dkt. No. 9-1.

3. <u>Beaver fails to allege sufficient facts to support a concrete or imminent injury.</u>

The Court agrees with Wells Fargo that Beaver has failed to allege a legally cognizable injury. At the complaint's core, Beaver alleges that Wells Fargo violated its statutory duty to notify him that his loans had been assigned to an unidentified creditor. Dkt. No. 4. However, Beaver also alleges that he sold the Property that secured the WFB DOT and the HELOC DOT and that the unpaid balances owed to Wells Fargo were satisfied by the proceeds generated by the sale. *Id.* ¶¶ 37–38. Beaver does not dispute that the deeds of trust were reconveyed. *Id.*; Dkt. No. 9-1 at 109, 111. Simply put, based on the facts Beaver alleged, he has suffered no injury. Plaintiff paid the amount due, releasing the liens on the Property and eliminating any possibility that an unidentified creditor could make a claim on the satisfied debt or enforce the loan.

Further, these allegations confirm that Beaver only ever owed a debt to Wells Fargo. Dkt. No. 4 ¶¶ 37–38; Dkt. No. 9-1 at 109, 111. His speculative assertion that some other entity may have held an interest in the loan at some point does not give rise to a concrete or imminent injury that the Court can redress. *See Schmier*, 279 F.3d at 821. Thus, Beaver fails to state a claim under Rule 12(b)(6). Further, because Beaver cannot allege facts consistent with the FAC that would cure this defect, the Court dismisses his claim with prejudice. *Cook, Perkiss & Liehe*, 911 F.2d at 247.

**C.    The Court Denies Beaver's Motion for Summary Judgment.**

Entry of summary judgment under Rule 56 is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At this stage, the Court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 250–52.

Because the Court dismisses the FAC with prejudice, Beaver's motion for summary judgment is denied as moot. *See supra* Section II(B).

**D.    Rule 11 Sanctions Are Not Warranted.**

Rule 11 sanctions provide "an extraordinary remedy, [and] one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). The Court may sanction attorneys or unrepresented parties who fail to present "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument...." Fed. R. Civ. P. 11(b)(2). The Court may also sanction attorneys when they: (1) present anything to the Court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,]" or (2) submit "factual contentions [without] evidentiary support or...[that] will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(1), (3).

A motion for sanctions must be filed in compliance with Rule 11's safe harbor provision. That provision provides that any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the Court. Fed. R. Civ. P. 11(c)(2); *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). If the offending party withdraws or

appropriately corrects the challenged contention during the safe harbor period, then the motion for sanctions may not be filed. *Id.* While courts in this district have concluded that the filed motion for Rule 11 sanctions need not be identical to the draft motion served on the offending party, the filed motion still cannot raise any new arguments. *Rygg v. Hulbert*, No. C11-1827JLR, 2012 WL 12847008, *3 (W.D. Wash. Sept. 21, 2012), *aff'd*, 611 F. App'x 900 (9th Cir. 2015) (citing *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 963 (9th Cir. 2010)).

Here, Beaver has not shown compliance with Rule 11's safe harbor provision because in his motion filed with the Court, he indicates that certain sections, which include new arguments, were not included in the draft sent to Defendants' counsel. *See* Dkt. No. 19 at 2 ("Beaver emailed to Defendant's Counsel…a draft Motion for Sanctions that specified the conduct about which [he] complains in the manner described *infra* in Section V."), 7 (stating under Section V that "this section was provided verbatim to Counsel except as noted. Certain paragraphs are omitted here"), 9 (noting an argument that Wells Fargo's counsel "rendered this averment moot" was "not in original"). Because Beaver did not provide the Court with the draft motion served upon Defendants, the Court cannot conclude that Beaver's filed motion is "the same in all significant aspects" to the draft sent to opposing counsel. *Rygg*, 2012 WL 12847008, at *3 (citation omitted).

Even if Beaver had complied with the safe harbor provision, sanctions against Defendants' counsel are unwarranted. First, Beaver argues that Wells Fargo made "false or misleading claims" in its motion to dismiss when it challenged various factual allegations and legal conclusions Beaver made in his FAC. Dkt. No. 19 at 3, 7–8. The Federal Rules of Civil Procedure allow a defendant to file a motion to dismiss in lieu of an answer to the complaint. Fed. R. Civ. P. 12(b). If the motion to dismiss is denied, at that time, the defendant must file an answer. Fed. R. Civ. P. 12(a)(4)(A). The procedural rules allow a defendant to test the strength of a plaintiff's pleadings before proceeding into fact finding. In other words, a motion to dismiss constitutes an opportunity

for a defendant to dispute a plaintiff's allegations and legal conclusions. Wells Fargo moved for dismissal, and Beaver cannot show that it did so in bad faith.

Beaver has not shown that Wells Fargo's opposition to his claims is "factually frivolous (not 'well grounded in fact') [or] legally frivolous (not 'warranted by existing law or good faith argument')[.]" *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 808 (9th Cir. 1989) (quoting Fed. R. Civ. P. 11)). *Compare* Dk. No. 4 at 10 (Beaver's allegation that he "is not in receipt of any mandatory 'notice of new creditor' for either the Mortgage Debt or the HELOC Debt"), 9 (stating that Wells Fargo required payment of the amounts owed on his loans to release the deed of trust and that those amounts were paid out of Beaver's escrow account), 5 (arguing that the 15 U.S.C. § 1641(g)(1) requires Wells Fargo to notify Beaver of a new creditor), 13 (arguing that Wells Fargo breached its statutory duty under Wash. Rev. Code § 62A.1-304), *with* Dkt. No. 8 at 5 (arguing that Wells Fargo had no duty to provide notice to Beaver as the originating creditor and despite that, Wells Fargo responded and clarified to Beaver that it was the "servicer and assignee" on his debts), 7 (alleging that Plaintiff never contested or prevented the release of the escrow funds prior to this suit), 5 (arguing that § 1641(g) does not apply to Wells Fargo here), 8 (arguing that Wells Fargo did not breach its duty under § 62A.1-304). Instead, Beaver's motion for sanctions merely disagrees with or refutes Well Fargo's arguments in the motion to dismiss. These counterarguments are appropriate for response briefs to Well Fargo's motion. But mere disagreement with Wells Fargo's 12(b)(6) motion is insufficient to support a motion for sanctions.

Second, Beaver claims that Wells Fargo misrepresented to the court that he failed to properly request leave to amend his original complaint. The Court is unpersuaded. As discussed above, Wells Fargo did not assert this argument without evidentiary support, but rather worked off a reasonable belief that the original complaint had been served. *See supra* Section I(B) n.2

(discussing Beaver's service of a summons on April 3, 2024).  After Beaver admitted that he did not properly serve an original complaint, Wells Fargo withdrew this argument in its Reply.  Dkt. No. 18 at 1–2.

As such, the "extraordinary remedy" of sanctions is inappropriate here, and the Court denies Beaver's Rule 11 motion.

### III.   CONCLUSION

The Court GRANTS the motion to dismiss (Dkt. No. 8) and DISMISSES this action with prejudice.  The Court also DENIES as moot Plaintiff's motion for summary judgment (Dkt. No.6) and DENIES Plaintiff's motion for sanctions (Dkt. No. 19).


Dated this 4th day of December, 2024.


_____
Kymberly K. Evanson
United States District Judge